IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
LOGGED _____ RECEIVED

DEC 1 1 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| Erien L. Frazier, | ) | Civil Action No. ELH 15CV3785 |
| Plaintiff | ) | |
| Vs. | ) | **DEMAND FOR TRIAL BY JURY** |
| Trans Union LLC, | ) | |
| Atlantic Union Conference Association | ) | |
| of Seventh-day Adventists, | ) | |
| Atlantic Union College, | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff, Erien Frazier, individually, hereby sues Defendants, Trans Union, LLC (hereafter "Trans Union"), Atlantic Union Conference Association of Seventh-day Adventists (hereafter "Atlantic Union Conference") and Atlantic Union College for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et al*.

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against the Defendants for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et al*.

2. Plaintiff contends that the Defendants, Trans Union, Atlantic Union Conference and Atlantic Union College have violated such laws by harming the Plaintiff's consumer credit in the reporting of an obsolete debt.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. All conditions precedent to the bringing of this action have been performed.

### PARTIES

6. Plaintiff, Erien Frazier, is a consumer according to 15 U.S.C. § 1681a(c) and is a resident of the State of Maryland.

7. Upon information and belief Defendant, Trans Union, is a foreign corporation located in Wilmington Delaware and registered to do business in the State of Maryland.

8. Upon information and belief Trans Union is a "credit reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Trans Union disperses such consumer reports to third parties under contract for monetary compensation.

10. Trans Union collected and dispersed information regarding Plaintiff's credit history to and from various Maryland entities and entities outside the state.

11. Atlantic Union Conference is a foreign corporation not registered to do business in the State of Maryland and is the parent company of Atlantic Union College. Atlantic Union College is a foreign corporation not registered to do business in the State of Maryland. Both corporations are incorporated under the laws of the State of Massachusetts having its principle place of business in Lancaster, MA 01561.

12. Atlantic Union Conference and Atlantic Union College are "furnishers" as described in 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

13. The Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully set herein.

14. Plaintiff was a student at Atlantic Union College during the school year 1995-96.

15. Plaintiff left the school in 1996 with a balance of $5000.

16. On or about December 1, 1997, Atlantic Union College began furnishing the outstanding debt to Trans Union, Equifax, and Experian.

17. On or about December 15, 2012, Plaintiff discovered from her consumer reports that Atlantic Union College was still reporting the debt to Trans Union, Equifax, and Experian.

18. On or about March 21, 2013, Plaintiff sent Atlantic Union College a demand for documentation to prove they were not reporting a debt past the statute of limitations.

19. On or about August 27, 2013 Plaintiff disputed with Equifax and Experian regarding their reporting of obsolete information. They removed the reported debt by Atlantic Union College.

20. On or about August 27, 2013 Plaintiff also initiated a dispute with Trans Union regarding their reporting of obsolete information provided by Atlantic Union College (See Exhibit A).

21. Despite Plaintiff's repeated disputes and demands for reinvestigations, Trans Union continued to furnish consumer reports containing such false adverse information to users and Plaintiff has suffered substantial damages thereby (See Exhibit B1-B9).

22. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the information until after October 21, 2014 when Plaintiff found in storage an old credit report showing that Trans Union had been reporting the Atlantic Union College debt since 1997 (Exhibit C).

23. On or about November 21, 2014, Trans Union deleted the reported debt (See Exhibit D).

24. On or about February 3, 2014, Plaintiff sent Atlantic Union College a notice of her intent to sue for violation of the Fair Credit Reporting Act.

25. Plaintiff never received any response from Atlantic Union College or Atlantic Union Conference concerning any of her letters. All mail was sent USPS to the address 338 main St and/or P.O. Box 1000 S. Lancaster, MA 01561 as reflected on Plaintiff's consumer report.

**COUNT 1**

## **TRANS UNION'S VIOLATIONS OF THE FAIR CREDIT**

## **REPORTING ACT 15 U.S.C. § 1681i(a)**

26. Plaintiff realleges and incorporates the information in paragraphs 1 through 25 above as if fully set out herein.

27. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Trans Union had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

28. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

29. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

30. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

31. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

32. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $100,000 with interest from December 9, 2013, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT II

### TRANS UNION'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(c)

34. Plaintiff realleges and incorporates the information in paragraphs 1 through 33 above as if fully set out herein.

35. Plaintiff's notifications to Trans Union of the errors in her file included a brief statement of the dispute.

36. Subsequent to Trans Union's receipt of the statement of dispute, Trans Union issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement.

37. Trans Union's failure to include the notification of the dispute and statement of dispute in the consumer reports was in violation of Plaintiff's rights under 15 U.S.C. § 1681i(c).

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $100,000 with interest from December 9, 2013, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT III

### TRANS UNION'S VIOLATIONS OF

**MD. CODE COM. LAW § 14**

38. Plaintiff realleges and incorporates the information in paragraphs 1 through 36 above as if fully set out herein.

39. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Trans Union had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

40. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

41. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

42. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

43. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

44. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code Com. Law § 14-1213(a). In the alternative, it was negligent entitling the Plaintiff to recover under Md. Code Com. Law § 14-1213(b).

45. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $100,000 with interest from December 9, 2013, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

### COUNT IV

### TRANS UNION: DEFAMATION-LIBEL

46. Plaintiff realleges and incorporates the information in paragraphs 1 through 45 above as if fully set out herein.

47. The amount of credit available to Plaintiff is based on her past payment history as it is known to creditors.

48. Plaintiff's reputation among lenders is harmed when an account is reported delinquent.

49. Trans Union knowingly published a false delinquent account in written reports to potential creditors, thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $100,000 with interest from December 9, 2013, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

### COUNT V
### ATLANTIC UNION COLLEGE AND ATLANTIC UNION CONFERENCE'S
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

50. Plaintiff realleges and incorporates the information in paragraphs 1 through 49 above as if fully set out herein.

51. Atlantic Union College and Atlantic Union Conference willfully violated 15 U.S.C. § 1681s-2(b)(1) by failing to investigate Plaintiff's dispute, because an investigation would have revealed that the debt was being reported past the statute of limitations.
52. Atlantic Union College and Atlantic Union Conference willfully violated 15 U.S.C. § 1681s-2(b)(1) by failing to report to Trans Union that it could no longer furnish obsolete debt information past the statute of limitations.
53. Atlantic Union College and Atlantic Union Conference willfully violated 15 U.S.C. § 1681s-2(b)(1) by failing to report to all reporting agencies that it could no longer furnish obsolete debt information past the statute of limitations.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $100,000 with interest from December 9, 2013, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT VI
## ATLANTIC UNION COLLEGE AND ATLANTIC UNION CONFERENCE
## DEFAMATION – LIBEL

54. Plaintiff realleges and incorporates the information in paragraphs 1 through 53 above as if fully set out herein.
55. Plaintiff's reputation among lenders is harmed when an account is reported delinquent.
56. Atlantic Union College and Atlantic Union Conference knowingly claimed a false delinquent account in written reports to Trans Union during the investigation process thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $100,000 with interest from December 9, 2013, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted this December 9, 2015

*[signature]*

Erien Frazier

P.O. Box 25

Hagerstown, MD 21740

(410) 262-8690

erienfrazier@gmail.com

## VERIFICATION

I, Erien Frazier, have read the foregoing complaint and examined any attachments referenced therein. The facts stated in the complaint are true. The attachment is a true and fair copy.

_Erien Frazier_                    _Erien Frazier_ (signature)

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 8th day of December, 2015.

_____
Notary

> Steve Swayne
> NOTARY PUBLIC
> Washington County, State of Maryland
> My Commission Expires April 11, 2016